PER CURIAM.
Iiln this community property case, plaintiff, Loleta Anzalone, has filed a writ application in 08-C-2981, claiming that the court of appeal erred in two regards: (1) in awarding her one-half of her ex-husband’s retirement from the date of his 70th birthday, but only in that portion attributable to the six years he actually worked as a district court judge prior to becoming-disabled; and (2) in ruling that, as an ex-spouse, she was not entitled to any surviv- or benefits that might become payable should her ex-husband pre-decease her. After reviewing the applicable law, we grant this writ application and order that (1) as to the first issue, the ruling of the court of appeal is reversed and the judgment of the trial court is reinstated, which granted plaintiff one-half of the total amount of retirement benefits defendant began receiving on his 70th birthday; and (2) as to the second issue, the judgment of the court of appeal is reversed and the matter remanded to the trial court for reconsideration of this issue in light of our opinion in LASERS v. McWilliams, 06-2191 c/w 06-2204 (La.12/2/08), 996 So.2d 1036 (on rehearing).
Defendant has filed a writ application in 08-2988 claiming various assignments of error. After reviewing the applicable law, we deny this writ application.
|,DECREE
For the reasons stated herein, the writ application in 08-C-2981 is granted. The court of appeal’s judgment that Loleta An-zalone is only entitled her community property share of Joseph Anzalone Jr.’s retirement benefits from the date of his 70th birthday attributable to the six years he actually served as a district court judge is reversed and the trial court judgment on this issue is reinstated. The court of appeal’s judgment that Loleta Anzalone is not entitled to any survivor benefits should Joseph Anzalone Jr. predecease her is reversed and the issue is remanded to the trial court for reconsideration in light of this Court’s decision in LASERS, supra. The writ application in 08-C-2988 is denied.